SHERMAN v MARATHON OIL COMPANY

Docket No. 117517. Submitted June 28, 1991, at Lansing. Decided January 22, 1992, at 9:00 A.M.

Lori Sherman, as personal representative of the estate of Michael Sherman, deceased, brought an action in the Ogemaw Circuit Court against Marathon Oil Company, Leo Meir, and Ailene Meir. She did not demand a jury trial at that time. The plaintiff immediately served Marathon with a summons and a copy of the complaint, and Marathon filed a timely answer. Five months later, the plaintiff served Leo Meir with a summons and a copy of the complaint. Before the expiration of the period in which Meir could file a timely answer, the plaintiff demanded a jury trial with respect to both defendants. Subsequent motions by the plaintiff for a jury trial were denied by the court, Carl L. Horn, J. The plaintiff appealed by leave granted.

The Court of Appeals *held:*

1. Where there are issues common to two or more defendants, as plaintiff claims there are in this case, any party is permitted under MCR 2.508(B)(1) to file a demand for a jury trial within twenty-eight days after the filing of the last answer addressing the issues in question.

2. MCR 2.509(B) grants trial courts discretion to order a jury trial where a jury trial has not been demanded as provided in MCR 2.508.

Reversed and remanded.

PRETRIAL PROCEDURE — DEMAND FOR JURY TRIAL — COURT RULES.

A plaintiff who does not file a demand for a jury trial along with a complaint alleging common issues against two or more defendants may file a demand for a jury trial within twenty-eight days after the filing of the last answer addressing the issues (MCR 2.508[B][1]).

*McNamee, Rowling, Streeter & Partipilo* (by

REFERENCES

Am Jur 2d, Jury and Jury Trial §§ 57, 88.

See the Index to Annotations under Jury and Jury Trial.

*Michael McNamee)* (*John A. Lydick,* of Counsel), for Lori Sherman.

*Warner, Norcross & Judd* (by *F. William McKee* and *Robert J. Jonker*), for Marathon Oil Company.

Before: NEFF, P.J., and GILLIS and MICHAEL J. KELLY, JJ.

PER CURIAM. Plaintiff appeals by leave granted from the circuit court's order denying her demand for a jury trial. We reverse and remand for proceedings consistent with this opinion.

On June 3, 1988, plaintiff filed her complaint and did not request a jury trial.

On July 28, 1988, defendant Marathon Oil Company filed its answer.

A pretrial conference was held on November 17, 1988. At that time, plaintiff indicated that the Meirs would be dismissed from the suit. The court noted that no demand for a jury trial had been made.

On November 28, 1988, plaintiff served Leo Meir with a summons and a copy of the complaint. In a footnote to the statement of facts in her appellate brief, plaintiff states: "It is plaintiff-appellant's understanding that defendant Ailene Meir is deceased and will, accordingly, be dismissed from this lawsuit."

On December 7, 1988, before Leo Meir responded, plaintiff filed a demand for a jury trial. Plaintiff also filed proposed modifications to the pretrial order, indicating her desire to pursue the suit against Leo Meir and her intention to seek a jury trial.

The circuit court wrote to plaintiff, stating that any jury demand had to be set for a hearing. Plaintiff then filed two motions for a jury trial.

One stated that she was entitled to a jury trial pursuant to MCR 2.508(B)(1), which provides in part:

> A party may demand a trial by jury of an issue as to which there is a right to trial by jury by filing a written demand for a jury trial within 28 days after the filing of the answer or a timely reply.

Plaintiff's other motion requested the court to grant her a jury trial pursuant to MCR 2.509(B), which provides in part:

> Issues for which a trial by jury has not been demanded as provided in MCR 2.508 will be tried by the court. In the absence of a demand for a jury trial of an issue as to which a jury demand might have been made of right, the court in its discretion may order a trial by jury of any or all issues.

Marathon responded that plaintiff's jury demand pursuant to MCR 2.508(B)(1) was untimely because it was not filed within twenty-eight days of Marathon's answer. Marathon stated that if the issues involving Leo Meir were the same as the issues involving it, plaintiff's argument might have some merit. However, Marathon claimed that the issues involving it were distinguishable from the issues involving Leo Meir and, therefore, plaintiff's jury demand was untimely. Marathon conceded that the court had discretion to grant plaintiff's request for a jury trial, but it urged the court not to do so.

At the hearing on the motions, plaintiff argued that her claims against Marathon and Leo Meir involved the same issues; defendant disputed plaintiff's claim. The court held:

> [A]s I read these rules, and as I have stated from

the beginning, I don't even think it is discretionary. . . . We have this rule, and that's why we have rules, so I am going to deny again a motion to permit a jury trial. I don't think it it [sic] is a discretionary test like some other things. I think it is just a rule. You look at dates. Either it is there or it isn't.

Given the language of MCR 2.508, we believe plaintiff had the right to demand a jury trial of the issues involving Leo Meir. 3 Martin, Dean & Webster, Michigan Court Rules Practice, Rule 2.508, comment 2, pp 144-145. We also agree with the commentators that, where there are issues common to two or more defendants, any party is permitted to file a demand for a jury trial within twenty-eight days after the filing of the last answer addressing the issues in question. *Id.* at 145. The court erred in its interpretation. We reverse. In the event that the circuit court concludes that plaintiff's jury demand was untimely with respect to Marathon Oil Company, we note that it has discretion to grant plaintiff's request for a jury trial. MCR 2.509(B)(1). 3 Martin, Dean & Webster, Michigan Court Rules Practice, Rule 2.509, comment 1, p 161.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.